Filed 3/6/24  Sarah B. v. Evans CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| SARAH B., | |
| Plaintiff and Respondent, | E079447 |
| v. | (Super.Ct.No. CVPS2202003) |
| STEVEN EVANS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Ronald L. Johnson, Judge.  Reversed with directions.

Daniel J. Tripathi for Defendant and Appellant.

Sarah B., in pro. per, and for Plaintiff and Respondent.

1

Steven Evans appeals from the trial court's order granting a three-year civil harassment restraining order against him. (Code Civ. Proc., § 527.6; unlabeled statutory references are to this code.) We conclude that the trial court prejudicially erred by not allowing Evans to introduce certain evidence. We accordingly reverse the order and remand with directions.

BACKGROUND

On May 25, 2022, Sarah B. applied for a civil harassment restraining order against Evans. In support of the application, Sarah attested to being harassed by Evans in various ways over the preceding two years, including that he had twice "attempt[ed] arson," threatened her and her husband, and harassed her in public. She also stated that Evans "recently came at me as I was leaving my home[.] [C]aught me by surprise—Assaulted my truck tried to enter my vehicle tried to stop me, . . . ."

The court issued a temporary restraining order and scheduled a hearing on the application in June 2022. Five days before the hearing, Evans filed a motion to deem Sarah a vexatious litigant. Evans argued that Sarah qualified as a vexatious litigant because she allegedly had unsuccessfully prosecuted seven cases in the preceding seven years as a self-represented litigant. The motion was not accompanied by a declaration or any exhibits, and it was not verified.

Both Sarah and Evans testified at the hearing. At the beginning of the hearing, Sarah stated: "You're probably aware that I'm not a vexatious litigant. I did not get served that paper." The court stated that it was not entertaining the vexatious litigant

2

motion, explaining that it had "no jurisdiction for that." The clerk then stated that the motion was on the calendar for that day, but the judge responded, "It's denied," adding, "It can't be heard here." Evans did not object.

The court questioned both parties. Evans testified that he had been on Sarah's property only in order to effectuate service of legal documents, most recently in May 2022. Evans explained that Sarah's house is gated and walled, so he believed that he could contact her only by approaching her when she was backing out of the driveway or was already on the street. Sarah denied that Evans had been on her property only to effectuate service.

Asked what conduct by Evans she wanted restrained, Sarah testified that Evans had "harassed [her], threatened to beat [her] up, attempted to burn [her] house down . . . [¶] . . . threatened to kill [her] husband," "chased me down with his truck," and "killed [her] dear dog." The incident concerning the truck happened on May 25, 2022, or "after that." She said that she and Evans had some sort of physical confrontation in June 2022 when Evans trespassed onto her property to personally serve her with legal documents. Sarah also described an incident that occurred at a courthouse in which a security guard had to ask Evans to leave and escorted Sarah out of the courthouse because Evans was screaming and yelling at her.

Sarah told the court: "I want him to stop coming at my truck, yanking at the door like he's trying to get in, which I have pictures of." Sarah said that Evans had hit her windshield with his hand and grabbed at her truck door, trying to get inside of the truck.

Evans admitted that his "hand did hit her windshield when she was trying to run me down." He explained, "That was when I was serving them. I have the direct incident on my phone on video, if you want to take a look at it. I can show you exactly what happened. She was backing out of her driveway. I entered the street. Okay. As she was finishing backing up, she knew that I was in the road, and she chose to use her vehicle as a weapon to avoid, almost—almost ran me down." The court did not respond to Evans's offer to show the video. Sarah agreed that Evans had been attempting to serve her with "just civil stuff," and she stated: "He comes and hits the truck with his hand, and he grabs, I have pictures. He's grabbing my door trying to get into my truck." Sarah also said that she had witnesses whom she could present, but the court did not respond to those statements either.

After hearing from both parties, the court granted a three-year restraining order against Evans. Evans objected, stating that he had just "served her small claims paperwork, maybe not in the right way, but it was the only way that I knew of to be able to serve her." The court responded: "Well, no, sir, that's not correct. It [led] to a conflict that shouldn't have been there. It became aggressive. The Court is not going to allow it to occur any more." The court ordered Evans to stay at least 10 yards from Sarah and her residence, vehicle, and workplace for three years, until June 15, 2025.

4

DISCUSSION

Evans argues that the trial court prejudicially erred by not allowing him to introduce the video recording of the incident involving the truck. We agree.

Section 527.6 provides that a trial court must issue a restraining order if the court finds by clear and convincing evidence that the requesting party has suffered harassment as defined by the statute. (*Id.*, subds. (a), (i).) "'Harassment'" is defined as (1) "unlawful violence," (2) "a credible threat of violence," or (3) "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (*Id.*, subd. (b)(3).) We review for substantial evidence the trial court's express and implied factual findings in granting a civil harassment restraining order. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.)

"Except as otherwise provided by statute, all relevant evidence is admissible." (Evid. Code, § 351.) "'Relevant evidence' means evidence, including evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action." (Evid. Code, § 210.) "The test of relevance is whether the evidence tends 'logically, naturally, and by reasonable inference' to establish material facts . . . ." (*People v. Garceau* (1993) 6 Cal.4th 140, 177, overruled on another ground by *People v. Yeoman* (2003) 31 Cal.4th 93, 117-118.) We review for abuse of discretion "any ruling by a trial court on the admissibility of evidence." (*People v. Waidla* (2000) 22 Cal.4th 690, 717.)

5

The erroneous exclusion of evidence warrants reversal only if the effect of "the error or errors complained of resulted in a miscarriage of justice." (Evid. Code, § 354.) "A miscarriage of justice should be declared only when the reviewing court is convinced after an examination of the entire case, including the evidence, that it is reasonably probable a result more favorable to the appellant would have been reached absent the error." (*Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 853 (*Brokopp*).)

Sarah repeatedly attested that she was concerned about the recent incident in which Evans approached her truck, attempted to open her door, and hit her windshield. The incident accordingly was of central relevance to the court's determination of whether Evans unlawfully harassed Sarah. Evans and Sarah agreed about certain aspects of the incident, such as that it occurred because Evans was attempting to effect personal service on Sarah and that Evans's hand made contact with Sarah's windshield during the incident. But they otherwise disputed what happened, and they provided conflicting versions of the incident. Evans claimed that Sarah had attempted to run him over, while Sarah said that Evans approached the truck and attempted to "yank[]" open the door. A video recording of the incident likely would shed light on what actually happened. Moreover, the recording was additionally relevant to assessing the credibility of both parties. (Evid. Code, § 210.) The parties' credibility was particularly important given that the bulk of the evidence in the case was their testimony. In light of the importance of what transpired during the truck incident to the court's determination of the ultimate

issue, we conclude that the trial court abused its discretion by excluding the video recording of that incident.

We also conclude that the erroneous exclusion of that evidence was prejudicial. It is reasonably probable that the recording portrayed the incident favorably to Evans, given that he offered to introduce it. It therefore is also reasonably probable that the recording would have impacted the trial court's perception of Sarah's overall credibility and thus could have undermined Sarah's entire case.[1] We accordingly conclude that absent the erroneous exclusion of the video recording, it is reasonably probable that the trial court would have reached a result more favorable to Evans. (Evid. Code, § 354; *Brokopp*, *supra*, 71 Cal.App.3d at p. 853.) Because we conclude that the evidentiary error was prejudicial, we need not and do not address Evans's remaining arguments.[2]

---

[1]     Evans also argues that the trial court prejudicially erred by not allowing him to admit evidence supporting the motion to deem Sarah a vexatious litigant, which he claims was "integral" to his opposition to Sarah's "civil harassment claim." Evans did not attempt to introduce such evidence at the restraining order hearing, so the trial court did not abuse its discretion by failing to admit evidence that no party sought to introduce. (*People v. Espinoza* (2002) 95 Cal.App.4th 1287, 1304; see also Evid. Code, § 354, subd. (a).) We nevertheless note that evidence showing that Sarah has engaged in conduct that would justify deeming her a vexatious litigant (§ 391, subd. (b)) could be relevant to evaluating Sarah's credibility.

[2]     We also deny the parties' various requests that we augment the record, receive additional evidence, and take judicial notice of various documents on appeal—mainly records from other court proceedings that were not introduced in this proceeding— because the documents are not relevant to our analysis of the issues in this appeal. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2 ["any matter to be judicially noticed must be relevant to a material issue"].)

DISPOSITION

We reverse the June 15, 2022, order granting the civil harassment restraining order against Evans. We remand the matter to the trial court to hold a new evidentiary hearing on Sarah's May 25, 2022, application for a civil harassment restraining order. Evans shall recover his costs of appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ_____
J.

We concur:

McKINSTER_____
    Acting P. J.

CODRINGTON_____
        J.